UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANDERSON EDUARDO ULUAN LOPEZ,                      :
:
Petitioner,                :
:                  26-cv-4335 (LJL)
-v-                           :
:                      ORDER
MARKWAYNE MULLIN,                                  :
:
Respondents.               :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/28/2026

LEWIS J. LIMAN, United States District Judge:

Petitioner Anderson Eduardo Uluan Lopez ("Petitioner") is twenty-four years old and came to the United States approximately five years ago following a near-fatal attack he suffered in Guatemala. Dkt. No. 1 ¶¶ 1, 23–25. He lives in New York with his mother and three younger siblings, and works in landscaping and carpentry. *Id.* ¶ 24. He was arrested on February 10, 2026 by the Immigration and Customs Enforcement ("ICE") and mandatorily detained based on 8 U.S.C. § 1225(b)(2). He filed this Petition for a Writ of Habeas Corpus on May 24, 2026. *Id.* ¶ 1.

Respondents do not dispute that Petitioner was held under 8 U.S.C. § 1225(b)(2)(A) and that the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) holding such detention unlawful "indisputably applies to Petitioner because he unlawfully entered and was not apprehended at the border." Dkt. No. 5 at 2. Respondents take the position that, the day after this Petition was filed, ICE conducted a custody determination under 8 U.S.C. § 1226(a), and determined that Petitioner would remain detained under § 1226(a). *Id.* Respondents take the position that the proper remedy for what was indisputably unlawful detention is an order directing a burden-shifted bond hearing. *Id.*

The Court held a conference today, May 28, 2026, on the Petition for a Writ of Habeas Corpus.  Petitioner stated that he would be amenable to an order conditionally granting the Petition, consistent with the relief granted in *Mendoza v. Noem*, 2026 WL 494479 (S.D.N.Y. Feb. 23, 2026).  Respondents did not object to such relief.  Accordingly:

The Petition is conditionally GRANTED.  Petitioner is hereby ordered released unless within fourteen days—that is, by June 11, 2026—the Government holds a bond hearing before an immigration judge at which the Government bears the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk.  In considering dangerousness and/or risk of flight and in setting any bond amount, the immigration judge must meaningfully consider alternatives to detention and Petitioner's ability to pay a bond. Petitioner shall also be entitled to issue subpoenas prior to the hearing and to confront and cross-examine adverse witnesses at the hearing.

To avoid the relief in this Order becoming illusory, the Government is enjoined from exercising an automatic stay should the immigration judge determine that release on bond is appropriate.  The Government is further enjoined from invoking 8 U.S.C. § 1225 as a basis for Petitioner's detention before the immigration judge or as grounds for an appeal to the Board of Immigration Appeals.

The Court retains jurisdiction over this matter to ensure compliance with its Order and, should it determine that its Order has not been complied with, also retains jurisdiction to grant Petitioner the full relief he has sought (i.e., release).  The Government shall inform the Court of the result of the bond hearing and, unless Petitioner is ordered released at such hearing, shall

provide to the Court a transcript of the hearing within two days of it taking place.

SO ORDERED.

Dated: May 28, 2026
     New York, New York

                      LEWIS J. LIMAN
               United States District Judge

3